UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
EDIMARA DEMELO                      )
and EDILSON DEMELO,                 )
                                    )
            Plaintiffs,             )
                                    )   No.
v.                                  )
                                    )
U.S. BANK NATIONAL ASSOCIATION,     )
                                    )
            Defendant.              )
_____ )

## NOTICE OF REMOVAL

Defendant U.S. Bank National Association, Successor in Interest to the Federal Deposit Insurance Corporation as Receiver for Downey Savings and Loan Association, F.A., ("U.S. Bank" or "Defendant"), by its undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of the removal to this Court of the action commenced against it identified below, which is currently pending in Middlesex (Massachusetts) County Superior Court. In support of its removal, U.S. Bank states as follows:

### The Action

1.  U.S. Bank is the named defendant in a suit filed in Middlesex County Superior Court, captioned Edimara Demelo and Edilson Demelo v. U.S. Bank National Association, Civil Action No. MICV 2011-04477 ("the Action").

### Service

2.  The Action was filed on or about December 15, 2011. A copy of the Verified Complaint was served upon U.S. Bank on January 17, 2012. This removal is timely, having been made within thirty (30) days of the service of the Verified Complaint upon U.S. Bank.

Pleadings And Notice To State Court

3. A copy of the Verified Complaint served upon U.S. Bank is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, certified copies of all pleadings, records, orders and proceedings from the Middlesex County Superior Court will be filed with this Court. Promptly after the filing of this notice, U.S. Bank will give written notice to the Plaintiffs' attorney and will notify the Middlesex County Superior Court of this removal.

Statement Of Statutory Basis For Jurisdiction

4. This case is within the original jurisdiction of the U.S. District Court under 28 U.S.C. § 1332, which provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between…citizens of different states." 28 U.S.C. § 1332. As is set forth below, this action satisfies both of these statutory requirements.

5. Plaintiffs allege that they immigrated to the United States in 1997 and are residents of Massachusetts. See Verified Complaint, ¶¶ 5, 6, and 8. Plaintiffs further allege that U.S. Bank is established under the laws of the United States of America and has its usual place of business in Irvine, California. See Verified Complaint, ¶ 7. Therefore, complete diversity exists.

6. In calculating the amount in controversy, the Court should consider the total amount of monetary relief that plaintiffs seek to recover or the financial impact the relief sought would have on the defendant. See Department of Recreation & Sports v. World Boxing, 942 F.2d. 84, 90 (1st Cir. 1991); Commonwealth of Massachusetts v. United States Veterans Administration, 541 F.2d. 119, 122, n.3 (1st Cir. 1976) (considering amount in controversy based on potential financial effect on defendant). When a complaint seeks injunctive or equitable relief, as is the case here, the amount in controversy may be measured by the value of the object

of the litigation.  See e.g., Lewis v. Ford Motor Company, 610 F. Supp. 2d. 476, 485 (W.D. Pa. 2009); Ras-Berry v. Capital County Mutual Fire Insurance Company, 609 Fed. Supp. 2d. 594, 601 (E.D. Tex. 2009).  In this case, plaintiffs seek, among other things, a permanent injunction ordering that certain residential property be deeded back to them.  See Verified Complaint, Prayer for Relief B.  Plaintiffs further allege that they paid $392,000 for that property.  See Verified Complaint, ¶ 9.

7. This case is within the Court's original jurisdiction under 28 U.S.C. § 1331 as well because Plaintiffs have raised questions concerning the federal Home Affordable Modification Program ("HAMP").  See Verified Complaint, ¶¶ 22, 68-75.

8. In the event that any question arises as to the propriety of the removal of this matter, U.S. Bank requests the opportunity to submit briefs and be heard at oral argument in support of their position that removal is proper.

WHEREFORE, U.S. Bank respectfully requests that this Court assume jurisdiction over this matter and that no further proceedings be held in the Middlesex County Superior Court.

> U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR IN INTEREST TO THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR DOWNEY SAVINGS AND LOAN ASSOCATION, F.A.
>
> By its attorneys,
>
> /s/ Stephen C. Reilly
> Stephen C. Reilly, BBO #555371
> Jennifer E. Greaney, BBOA #643337
> SALLY & FITCH LLP
> One Beacon Street
> Boston, MA 02108
> 617-542-5542
> scr@sally-fitch.com
> jeg@sally-fitch.com

Dated: January 27, 2012

CERTIFICATE OF SERVICE

I, Stephen C. Reilly, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 27, 2012.

/s/ Stephen C. Reilly
Stephen C. Reilly